RECORD NUMBER: 14-1837

# United States Court of Appeals
## *for the*
# Fourth Circuit

_____

AUTO-OWNERS INSURANCE COMPANY,

Appellant,

–v–

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA - FLORENCE DIVISION

=====================
Opening Brief of Appellant
=====================

John L. McCants, Esq.
District Court I.D. 4870
Rogers Lewis Jackson Mann & Quinn, LLC
P.O. Box 11803 (29211)
1330 Lady Street, Suite 400
Columbia, SC 29201
Tele: 803- 978-2834
Fax: 803-252-3653
jmccants@rogerslewis.com
Attorney for Appellant Auto-Owners Ins. Co.

# TABLE OF CONTENTS

Table of Cases, Statutes and Authorities…………………………… iii

Statement of Subject Matter Jurisdiction and Appellate Jurisdiction… 1

Statement of Issues Presented for Review…………………………… 2

Statement of the Case………………………………………………… 2

Statement of Facts…………………………………………………. 3

Summary of Argument………………………………………………. 5

Standard of Review……………………………………………….. 6

Argument……………………………………………………….. 6

I.    The District Court erred in granting summary judgment on Auto-Owners' declaratory judgment cause of action on the basis that Auto-Owners did not state a claim upon which relief can be granted under state law…………………………………………    6

   A.   The District Court erred in referring to state law to hold that Auto-Owners is not entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201(a) (2012) ………..……......    6

   B.    The District Court's decision contravenes the terms of 28 U.S.C. § 2201(a) (2012)……………………..    12

   C.    The District Court's decision contravenes the federal law policy of 28 U.S.C. § 2201(a) (2012)…………...    14

i

D.  The District Court erred in citing *Shelby Mutual Insurance Co. v. Askins*, 307 S.C. 81, 413 S.E.2d 855 (1992), as authority to not grant a declaratory judgment……………           15

II.    The District Court erred in granting summary judgment to Travelers on the basis that South Carolina state law does not allow Auto-Owners to recover a share of the attorneys' fees and costs incurred by Auto-Owners to defend a mutual named insured in a pending state court civil action……………………….          16

A.    The rule in *Sloan Constr. Co. v. Cent. Nat'l Ins. Co. of Omaha*, 269 S.C. 183, 236 S.E.2d 818 (1977), does not apply because Auto-Owner and Travelers do not insure the identical risk………………………………………………           17

B.    Since deciding *Sloan* in 1977, the South Carolina Supreme Court has applied equitable allocation principles in complex damages cases…………………………          20

C.    The majority of courts in the United States apply equitable contribution for defense costs in complex damages cases…………………………………………..          25

D.    Travelers has pursued equitable contribution for defense costs in a complex damages case…………........          27

E.    Equitable subrogation is a valid cause of action and has been used by the South Carolina Court of Appeals case in a contribution case………………………………..          29

Conclusion……………………………………………………          30

Request for Oral Argument……………………………………….          31

Addendum………………………………………………………….          32

Certificate of Compliance

Certificate of Service

# TABLE OF CASES, STATUTES AND AUTHORITIES

## Cases

*Aetna Cas. & Sur. Co. v. Mut. of Enumclaw Ins. Co.*,
  121 Idaho 603, 607, 826 P.2d 1315 (1992)………………………………...26

*Aetna Cas. & Sur. Co. v. Quarles*,
  92 F.2d 321, 324 (4th Cir. 1937)………………………………………14, 15

*Ames v. Cont'l Cas. Co.*,
  79 N.C.App. 530, 538, 340 S.E.2d 479 (1986)………………………….26

*Auto-Owners Ins. Co., Inc. v. Newman*,
  385 S.C. 187, 684 S.E.2d 541 (2009)…………………………………….22

*Calvert Fire Ins. Co. v. James*,
  236 S.C. 431, 435, 114 S.E.2d 832 (1960)………………………………30

*Cargill, Inc. v. Ace Am. Ins. Co.*,
  784 N.W.2d 341, 352 (Minn. 2010)……………………….........20, 25, 26

*Century Indem. Co. v. Golden Hills Builders, Inc.,*
  348 S.C. 559, 561 S.E.2d 355 (2002)………………………………….. 23

*Cincinnati Ins. Co. v. Holbrook*,
  867 F.2d 1330 (11th Cir.  1989)………………………………………….10

*Cont'l Cas. Co. v. Curtis Pub. Co.,*
  94 F.2d 710 (3rd Cir. 1938)……………………………………...……11

*Cont'l Cas. Co. v. United Pac. Ins. Co.*,
  637 So.2d 270 (Fla. Dist. Ct. App. l994)………………………………..26

*Cont'l Cas. Co. v. Zurich Ins. Co.*,
  57 Cal.2d 27, 17 Cal. Rptr. 12, 366 P.2d 455 (1961)
  ………………………………………………………………………...25

*Crossmann Cmtys. of N.C. v. Harleysville Mut. Ins. Co.*,
  395 S.C. 40, 717 S.E.2d 589 (2011)………………….…..……..22, 23, 24, 29

iii

*Emp'rs Mut. Liab. Ins. Co. v. Hendrix*,
    199 F.2d 53 (4th Cir. 1952)……………………………………...……19

*Fid. & Cas. Co. of N.Y. v. Ohio Cas. Ins. Co.*,
    482 P.2d 924 (Okla. 1971)………………………….……………...……26

*Forum Ins. Co. v. Ranger Ins. Co.*,
    711 F.Supp. 909 (N.D. Ill. 1989)…………………….…..………………26

*French v. Assurance Co. of Am.*,
    448 F.3d 693 (4th Cir. 2006)…………………………….……………22

*Gillins v. Berkeley Elec. Coop. Inc.*,
    148 F.3d 413 (4th Cir. 1998)……………………………….…………….1

*Guar. Nat'l Ins. Co. v. Am. Motorists Ins. Co.*,
    758 F.Supp. 1394 (D.Mont. 1991), aff'd, 981 F.2d 1108 (9th Cir.
    1992)………………………………………………..…………………26

*Harleysville Mut. Ins. Co. v. State*,
    401 S.C. 15, 736 S.E.2d 651 (2012)………………..…………………22

*Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*,
    174 F.3d 411, 418 (4th Cir. 1999)…………………………….........21

*Isle of Palms Pest Control Co. v. Monticello Ins. Co.*,
    319 S.C. 12, 15, 459 S.E.2d 318 (Ct. App. 1994)………………………11

*J.H. France Refractories Co. v. Allstate Ins. Co.*,
    534 Pa. 29, 42, 626 A.2d 502 (1993)………………………………26

*Joe Harden Builders, Inc. v. Aetna Cas. & Sur. Co.*,
    326 S.C. 231, 236-37, 486 S.E.2d 89 (1997)………………………24

*L-J, Inc. v. Bituminous Fire & Marine Ins. Co.*,
    366 S.C. 117, 621 S.E.2d 33 (2005)…………………………………21, 22

*Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*,
    116 N.H. 12, 16-17, 351 A.2d 891 (1976)………………………………25

*Marshall v. Raritan Valley Disposal*,
398 N.J.Super. 168, 177, 940 A.2d 315 (2008)……………………………26

*Marwell Constr., Inc. v. Underwriters at Lloyd's, London*,
465 P.2d 298 (Alaska 1970)…………………………………………………..25

*Md. Cas. Co. v. Pac. Coal & Oil Co.*,
312 U.S. 270, 61 S.Ct. 510, 85 L.Ed 826 (1941)……….……………...7, 9

*Miller v. Augusta Mut. Ins. Co.*, 157 Fed. Appx. 632,
2005 WL 3327532 (4th Cir. 2005)………………………………………..9

*Mut. of Enumclaw Ins. Co. v.  USF Ins. Co.*,
164 Wash.2d 411, 191 P.3d 866 (2008)…………………………………26

*Nat'l Cas. Co. v. Great Sw. Fire Ins. Co.*,
833 P.2d 741 (Colo. 1992)……………………………………..…25, 26

*Nat'l Indem. Co. v. St. Paul Ins. Cos.*,
150 Ariz. 458, 459, 724 P.2d 544 (1986)..…………………………………25

*Nautilus Ins. Co. v. Winchester Homes, Inc.*,
15 F.32d 371 (4th Cir. 1994)………………………...………..11, 14, 15

*Phillips Petrol. Co. v. Shutts*,
472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985)……………………...8

*Pulliam v. Travelers Indem. Co.*,
403 S.C. 332, 743 S.E.2d 117 (Ct. App. 2013)………………………...12, 18

*Ranger Ins. Co. v. Travelers Indem. Co.*,
389 So.2d 272 (Fla. Ct. App.)………………………………………...…30

*Sec. Ins. Co. of Hartford v. Lumbermens Mut. Cas. Co.*,
264 Conn. 688, 826 A.2d  107 (2003)………………………………...25

*Sharon Steel Corp. v. Aetna Cas. & Sur. Co.*,
931 P.2d  127 (Utah  1997)……………………………………………...26

*Shelby Mutual Insurance Co., v. Askins*,
    307 S.C. 81, 413 S.E.2d 855 (1992)…………………………………....15, 16

*Shumpert v. Time Ins. Co.*,
    329 S.C. 605, 496 S.E.2d 653 (1998)………………………………….18, 30

*Sloan Constr. Co. v. Cent. Nat'l Ins. Co. of Omaha*,
    269 S.C. 183, 236 S.E.2d 818 (1977)
    …………………………...6, 10, 11, 12, 13, 16, 17, 18, 20, 21, 22, 24, 26, 29

*Spartan Petroleum v. Federated Mut. Ins. Co.*,
    162 F.3d 805 (4th Cir. 1998)………………………………………....11, 23

*Stephen v. Rocky Mountain Chocolate Factory, Inc.*,
    129 F.3d 414 (7th Cir. 1997)………………………………….…………21

*Stonehenge Eng'g Corp. v. Emp'rs Ins. of Wausau*,
    201 F.3d 296 (4th Cir. 2000)………………………………….…………23

*Town of Duncan v. State Budget & Control Bd., Div. of Ins. Servs.*,
    326 S.C. 6, 482 S.E.2d 768 (1997)…………………………………………19

*Town of Winnsboro v. Wiedeman-Singleton, Inc.*,
    307 S.C. 128, 414 S.E.2d 118 (1992)……………………...………19, 30

*Travelers Ins. Co. v. Allstate Ins. Co.*,
    249 S.C. 592, 155 S.E.2d 591 (1967)………………………………… 18, 25

*Travelers Cas. & Sur. Co. of Am. v. Netherlands Ins. Co.*,
    312 Conn. 714, 95 A.3d 1031 (2014)………………………………27, 28, 29

*Unisun Ins. Co. v. Hertz Rental Corp.*,
    312 S.C. 549, 436 S.E.2d 182 (Ct. App.  2005)……………………………30

*United Servs. Auto Ass'n v. Hartford Acc. & Indem. Co.*,
    220 Tenn. 120, 414 S.W.2d 836 (1967)………………………………………26

*Westchester Fire Ins. Co. v. Rhoades*,
    405 S.W.2d 812 (Tex. Civ. App. 1966)…………………………………27

*White v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
    913 F.2d 165 (4th Cir. 1990) …………………………......8, 9, 10, 11, 14

*Williams v. Griffin*,
    952 F.2d 820 (4th Cir. 1991).…………………………………………..6

*Wilson v. Ford Motor Co.*,
    656 F.2d 960 (4th Cir. 1981)………………………….………...……..21

## Statutes

28 U.S.C. § 2201(a) (2012).………………….…..2, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15

28 U.S.C. § 1332 (2012)…………………………….………………………...1

28 U.S.C. § 1291 (2012)……………………….…………………...1, 2

S.C. Code Ann. § 38-61-70 (2005 and Supp. 2012)……..………………….....22

S.C. Code Ann. § 15-38-10 (2005 and Supp. 2012)……..…………………….25

## Rules

FRAP 3……………………………………………..…………………………..2

FRAP 4……………………………………………..…………………………2

FRCP 8…………………………………………...…………………..13

FRCP 8(a)(3)……………………………………...…………………13

FRCP 8(d)(2)……………………………………...…………………13

FRCP 8(d)(3)……………………………………...…………………13

FRCP 12(b)(6)……………………………….…..…………………..3

FRCP 56…………………………………….………………………3

FRCP 57……………………………………………………………...…………………..2

4th R. 32.1…………………………………………………………..………………………9

Rule 244, SCACR………………………………………………………………………21

## Other Authorities

E. Borchard, Declaratory Judgments 107-09 (1934)………………..……………..14

**STATEMENT OF SUBJECT MATTER JURISDICTION AND
APPELLATE JURISDICTION**

Appellant Auto-Owners Insurance Company (hereinafter, "Auto-Owners") commenced Civil Action 4:12-cv-03423-RBH against Appellee Travelers Casualty and Surety Company of America (hereinafter, "Travelers"). Subject matter jurisdiction for Civil Action 4:12-cv-03423-RBH was based on 28 U.S.C. § 1332 (2012). 28 U.S.C. § 1332 grants the district courts original jurisdiction over all civil actions that exceed $75,000.00 in an amount in controversy and that are between citizens of different states. The United States District Court for the District of South Carolina (the "District Court") had original jurisdiction because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and cost, and is a matter between citizens of different states. [JA 10] Auto-Owners is a citizen of the State of Michigan. [JA 10] Travelers is a citizen of the State of Connecticut. [JA 10]

Appellate jurisdiction is based on 28 U.S.C. §1291 (2012). The Honorable R. Bryan Harwell, United States District Judge, issued his Order granting Travelers' Motion for Summary Judgment on July 22, 2014. [JA 8, 159] The Clerk of Court for the District Court entered Summary Judgment on July 22, 2014. [JA 175] Summary Judgment is a final order over which this Court has jurisdiction pursuant to 28 U.S.C. § 1291. *Gillins v. Berkeley Electric Coop. Inc.*, 148 F.3d 413

1

(4th Cir. 1998). Pursuant to FRAP 3 and FRAP 4, Auto-Owners filed a timely Notice of Appeal on August 15, 2014. [JA 177-80]

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.    Whether the District Court erred in granting summary judgment to Travelers on Auto-Owners' declaratory judgment cause of action on the basis that Auto-Owners did not state a claim upon which relief can be granted under state law.

II.    Whether the District Court erred in granting summary judgment to Travelers on the basis that South Carolina state law does not allow Auto-Owners to recover a share of the attorneys' fees and costs incurred by Auto-Owners to defend a mutual named insured in a pending state court civil action.

## STATEMENT OF CASE

Auto-Owners commenced Civil Action 4:12-cv-03423-RBH seeking two types of relief: 1) a declaratory judgment that Travelers has a duty to defend Auto-Owners' and Travelers' mutual named insured in an underlying state court civil action; and 2) monetary relief based on South Carolina state law for either contribution, equitable subrogation or unjust enrichment to recover from Travelers a share of the attorneys' fees and costs incurred by Auto-Owners in the defense of their mutual named insured in the underlying state court civil action.[1] [JA 10-19]

---

1    FRCP 57 makes the Federal Rules of Civil Procedure applicable to an action brought pursuant to 28 U.S.C. § 2201(a).

2

Travelers filed a motion to dismiss Auto-Owners' Amended Complaint pursuant to FRCP 12(b)(6) based on an argument that Auto-Owners lacked standing under South Carolina state law to bring the civil action, and on an argument that Travelers did not have a duty to defend based on the "excess" clauses in the two insurance companies' policies. [JA 5, 161, 163] While the motion to dismiss was pending, Travelers filed a motion for summary judgment pursuant to FRCP 56 on the same bases as its motion to dismiss. [JA 161] Auto-Owners responded to both motions arguing that Auto-Owners did have standing; Travelers does have a duty to defend the mutual named insured; and Auto-Owners should be entitled to the relief sought by Auto-Owners in its Amended Complaint. [JA 6-7, 159-161] The District Court found the motion to dismiss moot and granted the motion for summary judgment. [JA 173] Auto-Owners appealed the Order and Summary Judgment to this Court. [JA 177-80]

## STATEMENT OF FACTS

Civil Action 4:12-cv-03423-RBH arose from another civil action that is pending in the Court of Common Pleas, Horry County, South Carolina and captioned John Schuler *et al*. v. Hyperion Towers Homeowners Association, Inc. *et al*. 2011-CP-26-05465 (hereinafter, the "Schuler Action"). [JA 11, 21-29]  In that action, Schuler and ten (10) other members of the Hyperion Towers Horizontal Property Regime (the "Regime") commenced a civil action against the Hyperion

3

Towers Homeowners Association, Inc. ("Hyperion Towers HOA"), complaining about the Board of Directors' management and operation of the Regime.[2] [JA 21-29] The gravamen of the owners' complaints concerns repairs performed and not performed to the Regime's high-rise, oceanfront condominium building. [JA 21-29] In that regard, the owners have alleged, among other things, that the Board of Directors failed to establish an annual budget with adequate reserves for maintenance and repairs of the building over the course of the Regime's existence that started in 1985 and failed to pursue legal remedies against the companies and/or persons who constructed the building instead of assessing the unit owners for repairs. [JA 25-29] The owners allege that they have been damaged by the Board of Directors' decisions. [JA 29]

Travelers issued its Non-Profit Management and Organization Liability Insurance Policy to Hyperion Towers HOA for the policy period from February 7, 2007 to February 7, 2010. [JA 11-12, 35-56] (hereinafter, "Travelers Policy"). Travelers Policy provides errors and omissions ("E&O") coverage to Hyperion Towers HOA. [JA 12, 35-56] Auto-Owners issued insurance policies with commercial general liability ("CGL") coverage to Hyperion Towers HOA for annual policy periods from October 15, 1991 to February 7, 2000. [JA 160]

---

2    The property is located in North Myrtle Beach, SC.

4

(hereinafter, "Auto-Owners Policies").

Auto-Owners is providing Hyperion Towers HOA with a defense in the Schuler Action. [JA 15, 160-61] Travelers is not providing a defense. [JA 15, 160-61] Travelers is not providing a defense because it contends that the "excess" clauses in Travelers Policy and Auto-Owners Policies relieve it of that duty. [JA 15, 160-61] As of April 16, 2014, Auto-Owners had incurred attorneys' fees of $240,701.22, costs of $21,654.36 and expert fees of $46,851.06. [JA 155-57]. Auto-Owners continues to incur attorneys' fees, costs and expenses in the defense of Hyperion Towers HOA because the Schuler Action is pending and has not ended to date.

## SUMMARY OF ARGUMENT

The District Court erred in relying on South Carolina state law to decide whether the District Court can grant a declaratory judgment pursuant to 28 U.S.C. § 2201(a). First, federal law, not state law, determines whether the District Court can grant a declaratory judgment. Second, the District Court's decision contravenes the express language of 28 U.S.C. § 2201(a) that states a district court may grant declaratory relief, "whether or not further relief is or could be sought." Third, the District Court's decision contravenes the federal policy behind 28 U.S.C. § 2201(a) to liberally construe the remedial nature of the procedural statute.

The District Court erred in denying monetary relief to Auto-Owners on the

basis of contribution, equitable subrogation or unjust enrichment. First, the District Court erred in citing the rule in *Sloan Construction Co. v. Cent. Nat'l Ins. Co. of Omaha*, 269 S.C. 183, 236 S.E.2d 818 (1977) that barred contribution in favor of the insurer in that case. The rule is inapplicable because Auto-Owners and Travelers do not insure the identical risks. Second, since deciding *Sloan*, the South Carolina Supreme Court has applied equitable principles for allocating risk among insurers in complex damages cases such as the Schuler Action and would likely do so in this case.

## STANDARD OF REVIEW

This Court reviews a grant of summary judgment *de novo*. *Williams v. Griffin*, 952 F.2d 820  (4th Cir. 1991). In a *de novo* review, this Court applies the same standard as that applied by the District Court under FRCP 56(c). *Williams*, 952 F.2d at 823.

## ARGUMENT

**I.     The District Court erred in granting summary judgment to Travelers on Auto-Owners' declaratory judgment cause of action on the basis that Auto-Owners did not state a claim upon which relief can be granted under state law.**

**A.     The District Court erred in referring to state law to hold that Auto-Owners is not entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201(a)(2012).**

From the inception of Civil Action 4:12-cv-03423-RBH, Travelers has

challenged Auto-Owners' standing to seek relief against Travelers. [JA 5, 164] In response, Auto-Owners has argued that it does have standing to have the District Court grant a declaratory judgment for Auto-Owners based on the decisions of the United States Supreme Court addressing the requirements for standing under 28 U.S.C. § 2201(a). *See e.g.*, *Md. Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed 826 (1941).[3] [JA 6, 164] The District Court agreed with Auto-Owners that Auto-Owners has standing under 28 U.S.C. §2201(a). [JA 165] However, the District Court did not grant a declaratory judgment. [JA 170]

The District Court did not grant a declaratory judgment because it concluded that Auto-Owners had failed to state a claim, under state law, upon which a declaratory judgment could be granted by the District Court. [JA 170] The District Court stated the following:

> The Court is somewhat perplexed as to why the parties did not devote the most significant portions of their briefing to the issue of whether relief sought by Auto-Owners can even be granted by this Court under existing South Carolina law. As more fully set forth below, the Court finds that it cannot grant relief sought by Auto-Owners, namely, a declaration requiring Travelers to join in the defense of the underlying suit.

[JA 164]

---

3    The Declaratory Judgment Act provides that "[i]n a case of actual controversy ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

7

The District Court also stated, "[t]his does not end the inquiry though, because even if the Court can hear this action, Plaintiff must still state a claim upon which relief may be granted." [JA 165]

Notwithstanding the District Court's framing of the issue as one of a failure to state a claim, the District Court did in effect hold that Auto-Owners did not present a "justiciable controversy" or have standing to seek a declaratory judgment. Auto-Owners submits that the District Court erred as a matter of law by referring to state law to determine whether a declaratory judgment is a proper remedy under 28 U.S.C. § 2201(a) for the District Court otherwise having diversity jurisdiction.

The District Court's decision must be reviewed based on the law on standing for a federal court sitting in diversity jurisdiction under 28 U.S.C. § 2201(a). Standing to sue in any Article III court is a federal question that does not depend on a party's standing in a state court. *See Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 804, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628 (1985); *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 913 F.2d 165, 167 (4th Cir. 1990)("Federal standards guide the inquiry as to the proprietary of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction.").

Auto-Owners submits that *White* is precedent for reversing the District

8

Court.[4] In *White*, the insured Nancy A. White ("White"), brought a declaratory judgment action against her insurer, National Union Fire Insurance Company ("National Union"), concerning a dispute over the amount of underinsured motorist coverage. *White*, 913 F.2d at 166. The district court granted summary judgment in favor of White on the coverage issue. *White*, 913 F.2d at 167.

On appeal, National Union argued that White did not have standing pursuant to 28 U.S.C. § 2201(a) for the district court to issue a declaratory judgment. *White*, 913 F.2d at 167. National Union argued that White did not have standing because there was no "justiciable controversy" for the district court to hear until White obtained a judgment, in a certain amount, in the underlying liability action. *White,* 913 F.2d at 167. In other words, National Union argued, state law controlled whether the district court could grant a declaratory judgment. This Court disagreed and found there to be a "case and controversy" for 28 U.S.C. § 2201(a) notwithstanding state law and that White had standing. *White,* 913 F.2d at 167 (citing *Md. Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 274, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)).

---

4     Albeit not published in the Federal Reporter, Auto-Owners submits that this Court's decision in *Miller v. Augusta Mutual Ins. Co.*, 157 Fed. Appx. 632, 2005 WL 3327532 (4th Cir. 2005) has precedential value in relation to the material issue or the law of the case for this appeal. Auto-Owners is mindful of 4th R. 32.1, but believes *Miller* also clearly makes the point that a district court should not refer to state law to decide whether the district court can grant a declaratory judgment.

In finding there to be standing, this Court found persuasive and cited *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330 (11th Cir. 1989). In *Holbrook*, the district court dismissed the declaratory judgment action before it on the basis that Georgia law required there to be a judgment against the insured before a party could seek a declaratory judgment. *White,* 913 F.2d at 168 (citing *Holbrook*, 867 F.2d at 1332-33). The Eleventh Circuit Court of Appeals reversed the district court decision and found that a "case and controversy" did exist, as required by 28 U.S.C. § 2201(a), notwithstanding Georgia state law. *White,* 913 F.2d at 168 (citing *Holbrook*, 867 F.2d at 1333 ("The mere fact...that the doors of Georgia's courts are closed to Cincinnati unless and until [the tortfeasor's liability] has been determined, does not mean that the doors of the federal courts are automatically closed… where the requisites for diversity judgment exist.")).

The District Court assessed Auto-Owners' cause of action for a declaratory judgment in effect the same way the district court did in *Holbrook*. The District Court relied on state law, namely *Sloan Construction Co. v. Central. National Insurance Co. of Omaha*, 269 S.C. 183, 236 S.E.2d 818 (1977), for a rule that addresses contribution among insurers, found that Auto-Owners was not entitled to contribution and closed the door on Auto-Owners for a declaratory judgment.[5] The

---

5    The South Carolina Supreme Court held, "where two companies insure the identical risk and both policies provide for furnishing the insured with a defense,

District Court erred in referring to state law or *Sloan*. Auto-Owners submits that once Auto-Owners established that it has standing under federal law, and the District Court chose to hear the action, or not to abstain, the District Court should have focused on and analyzed whether Travelers has a duty to defend under South Carolina law as this Court did in *Spartan Petroleum v. Federated Mut. Ins. Co.*, 162 F.3d 805 (4th Cir. 1998).[6]

Travelers has a duty to defend under South Carolina state law. An insurer's duty to defend is determined by the allegations of the underlying complaint; if the underlying complaint creates a possibility of coverage then the insurer is obligated to defend. *Spartan Petroleum Co., Inc. v. Federated Mut. Ins. Co.*, 162 F.3d 805, 805 n.2 (citing *Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 319 S.C. 12, 15, 459 S.E.2d 318, 319 (Ct. App. 1994)). Travelers has a duty to defend based on the four corners of the Amended Complaint in the Schuler Action. Among other breaches of fiduciary duty and negligence, Schuler and the other members have *alleged* in their Amended Complaint that they have been damaged by the Hyperion

neither company, absent a contractual relationship, can require contribution from the other for the expenses of the defense where one insurer denies liability and refuses to defend. The duty to defend is personal to both insurers; neither is entitled to divide the duty." *Sloan*, 269 S.C. at 187, 236 S.E.2d at 820 (citing *Cont'l Cas. Co. v. Curtis Pub. Co.*, 94 F.2d 710 (3rd Cir. 1938)).

6      A district court may, in its discretion, refuse to issue a declaratory judgment. *White,* 913 F.2d at 168. Abstention is discussed at length in *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.32d 371, 375 (4th Cir. 1994).

Towers HOA Board of Directors' failure to establish adequate reserves. [JA 25-29]. The South Carolina Court of Appeals has held that such damages, if proven, would be a covered loss under Travelers Policy. *See Pulliam v. Travelers Indem. Co.*, 403 S.C. 332, 344, 743 S.E.2d 117, 123 (Ct. App. 2013)("[W]e conclude the D&O Endorsement provides coverage for Respondents' allegations against KPOA for breach of fiduciary duty in failing to establish a reserve fund…."). Such damages, if proven, would be an insured "wrongful act" under Travelers' Policy. [JA 15] The allegations in Schuler's Amended Complaint trigger the duty to defend on the part of Travelers. Further, although the District Court did not rely on Travelers' "excess" argument to reach its holding, the District Court did in effect reject it based on the arguments made by Auto-Owners. [JA 163] The District Court stated, " "[t]he Court notes that Travelers reliance on the other insurance argument seems misplaced in light of the South Carolina law on this issue." [JA 163] A summary of the District Court's position on the "excess" argument is found in footnote 3 of the Order. [JA 163] The District Court erred in not declaring that Travelers has a duty to defend.

**B.    The District Court's decision contravenes the term of 28 U.S.C. § 2201(a)(2012).**

The District Court's holding is erroneous because it contravenes the terms of 28 U.S.C. § 2201(a). The District Court's reliance on *Sloan* contravenes the

12

trailing language in 28 U.S.C. § 2201(a). The trailing language in 28 U.S.C. § 2201(a) permits a district court to grant a declaratory judgment, "whether or not further relief is or could be sought." The trailing language means that a district court may grant declaratory relief regardless of whether a party is entitled to relief on another ground, *e.g.*, monetary relief or contribution. The District Court disregarded this statutory authority in its decision to close the door on Auto-Owners based on the District Court's conclusion that Auto-Owners was not entitled to contribution under *Sloan* or that Auto-Owners had failed to state a claim upon which relief could be granted under state law.

The scope of 28 U.S.C. § 2201(a) is consistent with the liberal pleading rules of the Federal Rules of Civil Procedure. Auto-Owners pled four causes of action against Travelers. The first cause of action seeks a declaratory judgment; the other three seek monetary relief. FRCP 8(a)(3) states a party may seek relief in the alternative or different types of relief. FRCP 8(d)(2) states that a pleading is sufficient if any one of [the claims] is sufficient. FRCP 8(d)(3) states that a party may state as many separate claims as it has regardless of consistency. FRCP 8 and 28 U.S.C. § 2201(a) permit a party to have relief regardless of whether the party is entitled to additional or other relief. The District Court relied on *Sloan*, a contribution case, to decide whether the District Court may grant a declaratory judgment. Even if Auto-Owners was not entitled to contribution, or other monetary

13

relief, for its defense costs, such result would not preclude the District Court from granting a declaratory judgment.

**C.    The District Court's holding contravenes federal law policy of 28 U.S.C. § 2201(a).**

This Court has recognized that, because of the remedial discretion, 28 U.S.C. § 2201(a) must be "liberally exercised to effectuate the purposes of the statute." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994) (citing *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937). The threshold for entertaining a declaratory judgment, within the federal jurisdiction, is when "declaratory relief sought (i) " 'will serve a useful purpose in clarifying and settling the legal relations in issue,' " and (ii) " 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Winchester Homes, Inc.*, 15 F.3d at 375 (citing *Quarles*, 92 F.2d at 325 (quoting E. Borchard, Declaratory Judgments 107-09 (1934)); *see White v. Nat'l Union Fire Ins. Co.*, 913 F.2d 165, 168 (11th Cir. 1990). As this Court said in *Quarles*:

> The statute providing for declaratory judgments meets a real need and should be liberally construed to accomplish the purpose intended, i.e., to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships.

14

*Winchester Homes, Inc.,* 15 F.3d at 375 (citing *Quarles*, 92 F.2d at 325).

This Court has recognized that it has "frequently approved the use of federal declaratory judgment actions to resolve disputes over liability insurance coverage, even in advance of a judgment against the insured on the underlying claim for which coverage is sought." *Winchester Homes, Inc.*, 15 F.3d at 375-76.

Auto-Owners submits that it has met the threshold for which a federal district court, having diversity jurisdiction, may grant a declaratory judgment. The District Court found as much by holding that Auto-Owners has standing pursuant to 28 U.S.C. § 2201(a). Auto-Owners submits that the District Court erred in not granting a declaratory judgment by referring to state law when it closed the door on Auto-Owners.

**D.    The District Court erred in citing *Shelby Mutual Insurance Co., v. Askins*, 307 S.C. 81, 413 S.E.2d 855 (1992) as authority to not grant a declaratory judgment.**

The District Court cited *Shelby Mutual Insurance Co., v. Askins*, 307 S.C. 81, 413 S.E.2d 855 (1992) for the proposition in effect that only an insured may seek a declaratory judgment for defense costs. [JA 166, 170] The facts in *Askins* involved a declaratory judgment action, brought by an insurer, to determine whether it, among other insurers, had a duty to defend and indemnify two individuals in business together against a liability claim. The trial court held that the two individuals were not insureds under the applicable policies and,

15

accordingly, were not entitled to a defense from the insurers. *Askins*, 307 S.C. at 82, 413 S.E.2d at 856. The two individuals appealed.

The South Carolina Court of Appeals affirmed the trial court. In doing so, the Court of Appeals wrote the following sentence which the District Court cited and relied on to grant its Summary Judgment in the present matter: "[f]undamental to the concept of duty to defend is the requirement that the party seeking the defense must be an insured under a contract of insurance." *Askins*, 307 S.C. at 88, 413 S.E.2d at 859. The District Court cited the sentence for the proposition that only an insured may seek a declaratory judgment for defense costs. Auto-Owners submits that the District Court misconstrued the sentence. The sentence only concerns who is owed a defense, not who may seek a declaratory judgment.

## II.  The District Court erred in granting summary judgment to Travelers on the basis that South Carolina state law does not allow Auto-Owners to recover a share of the attorneys' fees and costs incurred by Auto-Owners to defend a mutual named insured in a pending state court civil action.

The District Court erred in granting summary judgment in favor of Travelers on the basis that South Carolina state law does not allow Auto-Owners to recover a share of the attorneys' fees and costs on the basis of contribution, equitable subrogation or unjust enrichment, incurred, and being incurred, by Auto-Owners to defend Hyperion Towers HOA. Auto-Owners submits that the District Court erred by relying on *Sloan* in finding that Auto-Owners had not stated a claim based on

16

any of the foregoing causes of action.

**A.     The rule in *Sloan Constr. Co. v. Cent. Nat'l Ins. Co. of Omaha*, 269 S.C. 183, 236 S.E.2d 818 (1977) does not apply because Auto-Owners and Travelers do not insure the identical risk.**

The facts in *Sloan* involved a collision between a dump truck operated by an agent of Sloan Construction Company ("Sloan Construction") and a vehicle driven by Varner. Central National Insurance Company of Omaha ("Central") had issued a liability policy to the agent owner of the dump truck. Liberty Mutual Insurance Company ("Liberty Mutual") had issued a liability policy to Sloan Construction. Both policies included a duty to defend Sloan Construction in the lawsuit brought by Varner. Liberty Mutual provided a defense to Sloan Construction. Central did not provide a defense.

Liberty Mutual settled with Varner and then sought to recover its defense costs from Central incurred in the defense. *Sloan*, 269 S.C. at 185, 236 S.E.2d at 819. To pursue reimbursement, Liberty Mutual and Sloan Construction entered into a loan receipt agreement to give Sloan Construction standing to sue Central. *Sloan*, 269 S.C. at 185, 236 S.E.2d at 819. The trial court ordered Central to reimburse Sloan Construction for the defense cost. *Sloan*, 269 S.C. at 185, 236 S.E.2d at 819. The South Carolina Supreme Court reversed the trial court decision based on the rule cited in footnote 5 herein. *Sloan*, 269 S.C. at 185, 236 S.E.2d at 819.

17

The facts in *Sloan* and the present matter are distinguishable; therefore, *Sloan* should not be cited to bar relief in favor of Auto-Owners based on contribution or the other relief. The rule in *Sloan* applies where companies insure the identical risk. *Sloan*, 269 S.C. at 187, 236 S.E.2d at 820. The Auto-Owners Policies and the Travelers Policy do not insure identical risks. [JA 12-13, 169] The differences between the Auto-Owners' commercial general liability policies and Travelers' errors and omissions policy are addressed in *Pulliam,* 403 S.C. 332, 743 S.E.2d 117 and in the District Court's Order. [JA 169] Furthermore, Central and Liberty Mutual insured different named insureds. *Sloan*, 269 S.C. at 185, 236 S.E.2d at 819. Auto-Owners submits that these differences are material, and the District Court erred in relying on a rule in *Sloan* that is not fully applicable.

The District Court acknowledged the distinctions made by Auto-Owners, but concluded that the distinctions were not determinative. [JA 169] Instead, the District Court focused on the language in *Sloan* that one insurer is a "stranger to the contract" of another insurer. [JA 169-70] Auto-Owners submits that whether one insurer is a party to another insurer's contract should not be determinative in an equity case. Contribution is an equitable remedy. *Travelers Ins. Co. v. Allstate Ins. Co.*, 249 S.C. 592, 155 S.E.2d 591 (1967) (Bussey, A.J., dissenting). Equitable principles are not dependent upon there being a contract between the parties. *See Shumpert v. Time Ins. Co.*, 329 S.C. 605, 612, 496 S.E.2d 653, 656

18

(1998)(equitable subrogation); *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 307 S.C. 128, 414 S.E.2d 118 (1992)(equitable indemnity). Courts employ equitable principles to right an injustice where one has paid a loss that should rightfully be borne by another. *Town of Winnsboro,* 307 S.C. at 130, 414 S.E.2d at 120. Finding that one insurer is not a party to the other insurer's contract should not be determinative of whether one insurer should have equitable relief from another.

It should not matter in an equity case, or circumstances like the present, that Auto-Owners is only doing what it is obligated to do under its insurance policies. *See Town of Duncan v. State Budget and Control Board, Division of Insurance Services*, 326 S.C.6, 482 S.E.2d 768 (1997) (citing *Employers Mut. Liab. Ins. Co. v. Hendrix*, 199 F.2d 53 (4th Cir. 1952) ("where a lawsuit contains several causes of action, some of which are covered under the policy and some of which are not, an insurer is not justified in refusing to defend the entire suit.")). The fact that an insurer must defend all allegations, whether insured or not, is a rule that addresses an insurer's duty to its insured. In that context, the rule makes sense and is fair. However, as between insurers, the rule is less on point and certainly inequitable. The rule is less applicable in a dispute between two or more insurers over whether an abstaining insurer, in a multi-insurer case should be participating in the defense of a mutual insured.

19

**B.      Since deciding *Sloan* in 1977, the South Carolina Supreme Court has applied equitable allocation principles in complex damages cases.**

The rule applied in *Sloan* is ill-suited for complex damages cases like the Schuler Action. In *Sloan*, the facts involved a one-time, two vehicle collision. The facts in the Schuler Action concern allegations of repeated breaches of fiduciary duties and continuing negligence, going back to the inception of the Hyperion Towers HOA in 1985, economic losses and progressive property damage, and time-on-risk principles. Complex cases like the Schuler Action involve mutual insured(s), multiple insurers, multiple policy periods and different kinds of insurance. Other courts have recognized a distinction with complex cases. *See e.g.*, *Cargill, Inc. v. Ace Am. Ins. Co.*, 784 N.W.2d 341, 352 (Minn. 2010). In overruling its prior precedent that followed a rule like in *Sloan*, the Supreme Court of Minnesota stated, "the Iowa National rule arose in the context of a two-car accident and is ill-suited for the complexity of modern mass torts, multiple-party litigation, and disputes involving consecutive liability policies and injuries with long-latency periods." *Cargill, Inc.*, 784 N.W.2d at 352.

Since *Sloan*, the South Carolina Supreme Court has shown that it will use equitable allocation principles to decide insurance coverage issues for complex cases like the Schuler Action. Inevitably, such complex cases give rise to disputes between insurers about indemnity and defense costs and insurer(s) holding back

20

from defending using *Sloan* as a shield. While not explicitly addressing reimbursement of defense costs, the South Carolina Supreme Court has clearly moved toward contribution and has applied equity in cases involving multiple insurers and complex damages since deciding *Sloan* in 1977.

Starting with *L-J, Inc. v. Bituminous Fire and Marine Insurance Co.*, 366 S.C. 117, 621 S.E.2d 33 (2005), the South Carolina Supreme Court has demonstrated that it will hear disputes between insurers and not close the door on them based on standing.[7] In *L-J, Inc.*, the insured, L-J, Inc., and three commercial general liability insurers that issued CGL policies to L-J, Inc. brought a declaratory judgment action against a fourth insurer of L-J, Inc. for indemnification and contribution for defense costs and settlement payments. Bituminous Fire and Marine Insurance Company ("Bituminous") refused to participate in the defense of L-J, Inc. in the underlying construction defect action or contribute to the settlement (indemnity) of the action. *L-J, Inc.*, 366 S.C. at 119-20, 621 S.E.2d at 36.

---

7    To the extent the issue has not been addressed by the South Carolina Supreme Court, it falls to the federal court to forecast what the South Carolina Supreme Court would hold if presented with this issue. *Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir. 1981). In predicting how the South Carolina Supreme Court would decide a matter, this Court may seek guidance from all available sources, including decisions from other jurisdictions. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 418 (4th Cir. 1999)(citing *Stephen v. Rocky Mountain Chocolate Factory, Inc.*, 129 F.3d 414, 417 (7th Cir. 1997). This Court may also certify the question to the South Carolina Supreme Court. *See* Rule 244, SCACR.

The underlying facts that gave rise to the declaratory judgment in *L-J, Inc.* involved the construction of a roadway for a residential development. The ultimate issue decided by the Supreme Court was whether the damages associated with the roadway were covered by the applicable CGL policies.[8] While the South Carolina Supreme Court did not specifically address standing in *L-J*, *Inc.* the Supreme Court did not summarily close the door on the three insurers based on standing, the failure to state a claim or on *Sloan*.

The *L-J, Inc.* decision led to a succession of decisions and legislation in South Carolina addressing the definition of the term "occurrence" in CGL policies and the term's application in complex progressive damages cases. *Auto-Owners Ins. Co., Inc., v. Newman*, 385 S.C. 187, 684 S.E.2d 541 (2009); *Crossmann Cmtys. of N.C. v. Harleysville Mut. Ins. Co.*, 395 S.C. 40, 717 S.E.2d 589 (2011); S.C. Code Ann. § 38-61-70.[9,10] This Court too has addressed South Carolina law

---

8    The Supreme Court held that the damages in the case were not an "occurrence" covered by a CGL policy; however, a CGL policy may cover faulty workmanship that causes third party bodily injury or damage to other property. *L-J, Inc.*, 366 S.C. at 123, 621 S.E.2d at 36 fn. 4.

9    This Court has addressed the definition of the word "occurrence" in a CGL policy and progressive property damage claim. *French v. Assurance Co. of Am.*, 448 F.3d 693 (4th Cir. 2006)(addressing Maryland law).

10    The legislation was challenged before the South Carolina Supreme Court on the basis of its constitutionality. *Harleysville Mut. Ins. Co. v. State*, 401 S.C. 15, 736 S.E.2d 651 (2012).

on complex damages cases, including contribution among insurers, albeit contribution for defense costs does not appear to have been the precise issue. *See Spartan Petroleum Co., Inc. v. Federated Mut. Ins. Co.*, 162 F.3d 805; *Stonehenge Eng'g Corp. v. Emp'rs Ins. of Wausau,* 201 F.3d 296 (4th Cir. 2000).

The most recent seminal case by the South Carolina Supreme Court on allocating among insurers is *Crossmann*. In *Crossmann*, the South Carolina Supreme Court ruled in favor of equitable allocation for indemnity among insurers and an insured, and it overruled prior Supreme Court precedent to do so. *Crossmann*, 395 S.C. at 66-67, 717 S.E.2d at 603 ("We affirm the trial court's finding that coverage was triggered by an 'occurrence.' We overrule *Century Indemnity* and impose a 'time on risk' approach to defining the scope of each CGL insurer's obligation to its insured in a progressive damage case. This equitable approach best harmonizes with policy language limiting coverage to the 'policy period'.").

In ruling in favor of equitable allocation, the South Carolina Supreme Court rejected the "joint and several" approach for allocating risk that is used by some courts in the United States. *See Crossmann*, 395 S.C. at 50,717 S.E.2d at 594. The "joint and several" approach, of course, burdens one insurer with the entire defense and indemnity obligation to an insured. *Crossmann*, 395 S.C. at 66-67, 717 S.E.2d

23

at 603.[11] The Supreme Court relied in *Crossmann* on its prior decision in *Joe Harden Builders, Inc. v. Aetna Casualty & Surety Co.*, 326 S.C. 231, 236-37, 486 S.E.2d 89, 91 (1997) to find in favor of equitable allocation of progressive damages among insurers. *Crossmann,* 395 S.C. at 40, 717 S.E.2d at 589 (citing *Joe Harden Builders, Inc. v. Aetna Cas. & Sur. Co.*, 326 S.C. at 236-37, 486 S.E.2d at 91 ("We hold coverage is triggered at the time of an injury-in-fact and continuously thereafter to allow coverage under all policies in effect from the time of injury-in-fact during the progressive damage... We conclude this interpretation of the policy best meets the fair expectations of the parties under the language of the policy. Further, this theory of coverage will allow the allocation of risk among insurers when more than one insurance policy is in effect during the progressive damage.")).

Auto-Owners submits that it is notable that the South Carolina General Assembly has changed the law on contribution, as relating to joint tortfeasors, since *Sloan* was decided in 1977. It is notable because liability insurance law plays a significant role in tort liability law and complex damages cases like the Schuler Action. Prior to April 5, 1988, South Carolina followed the common law rule

---

11      At a minimum, the "joint and several" method allows for contribution among insurers once an insurer(s) has paid the defense and indemnity obligation. *See Crossmann*, 395 S.C. 40, 717 S.E.2d 589. The South Carolina Supreme Court rejected the "joint and several" method because it tends to create additional and subsequent litigation. *Crossmann,* 395 S.C. at 60, 717 S.E.2d at 599.

24

prohibiting contribution among joint tortfeasors. *See Travelers Ins. Co. v. Allstate Ins. Co.*, 249 S.C. 592, 596, 155 S.E.2d 591, 601. In 1988, South Carolina adopted the Uniform Contribution Among Tortfeasors Act, enacting it as S.C. Code Ann. § 15-38-10 *et seq*. (2005 and Supp. 2012). The statute abrogates the common law rule, making contribution possible among joint tortfeasors.

**C.    The majority of courts in the United States apply equitable contribution for defense costs in complex damages cases.**

The majority of courts in the United States that have addressed contribution for defense costs, among insurers, have found in favor of the remedy. In *Cargill, Inc*., the Minnesota Supreme Court listed numerous courts that have held in favor of contribution in some form and those that have not done so. *Cargill, Inc.*, 784 N.W.2d 341, 353 nn. 12-13:

Contribution: (1) Alaska: *Marwell Constr., Inc. v. Underwriters at Lloyd's, London,* 465 P.2d 298, 313 (Alaska 1970); (2) Arizona: *Nat'l Indem. Co. v. St. Paul Ins. Cos.*, 150 Ariz. 458, 459, 724 P.2d 544, 545 (1986); (3) California: *Cont'l Cas. Co. v. Zurich Ins. Co*., 57 Cal.2d 27, 35-38, 17 Cal.Rptr. 12, 17-19, 366 P.2d 455, 460-62 (1961); (4) Colorado: *Nat'l Cas. Co. v. Great Sw. Fire Ins. Co*., 833 P.2d 741, 747-48 (Colo. 1992); (5) Connecticut: *Sec. Ins. Co. of Hartford v. Lumbermens Mut. Cas. Co.*, 264 Conn. 688, 714, 826 A.2d 107, 123-24 (2003); (6) New Hampshire: *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co*., 116 N.H. 12, 16-

25

17, 351 A.2d 891, 894 (1976); (7) New Jersey: *Marshall v. Raritan Valley Disposal*, 398 N.J.Super. 168, 177, 940 A.2d 315, 320 (2008); (8) Pennsylvania: *J.H. France Refractories Co. v. Allstate Ins. Co*., 534 Pa. 29, 42, 626 A.2d 502, 509 (1993); (9) Tennessee: *United Servs. Auto. Ass'n v. Hartford Acc. & Indem. Co*., 220 Tenn. 120, 132, 414 S.W.2d 836, 841 (1967); (10) Utah: *Sharon Steel Corp. v. Aetna Cas. & Sur. Co*., 931 P.2d 127, 137-38 (Utah 1997); and (11) Washington: *Mut. of Enumclaw Ins. Co. v. USF Ins. Co*., 164 Wash.2d 411, 419-423, 191 P.3d 866, 872-74 (2008).

No Contribution. (1) Florida: *Cont'l Cas. Co. v. United Pac. Ins. Co*., 637 So.2d 270, 272-73 (Fla. Dist. Ct. App. l994); (2) Oklahoma: *Fid. & Cas. Co. of N.Y. v. Ohio Cas. Ins. Co.*, 482 P.2d 924, 926 (Okla. 1971); and (3) South Carolina: *Sloan Constr. Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha*, 269 S.C. 183, 187, 236 S.E.2d 818, 820 (1977).

The following are additional decisions not cited in *Cargill, Inc*.:

Contribution. (1) Idaho: *Aetna Cas. & Sur. Co. v. Mut. of Enumclaw Ins. Co.*, 121 Idaho 603, 607, 826 P.2d 1315, 1319 (1992); (2) Illinois: *Forum Ins. Co. v. Ranger Ins. Co.*, 711 F.Supp. 909, 914 (N.D. Ill. 1989); (3) Montana: *Guar. Nat'l Ins. Co. v. Am. Motorists Ins. Co*., 758 F.Supp. 1394, 1398 (D.Mont. 1991), aff'd, 981 F.2d 1108 (9th Cir. 1992); (4) North Carolina: *Ames v. Cont'l Cas. Co.*, 79 N.C.App. 530, 538, 340 S.E.2d 479, 485 (1986).

26

No Contribution. Texas: *Westchester Fire Ins. Co. v. Rhoades*, 405 S.W.2d 812, 819-820 (Tex. Civ. App. 1966).

Contribution for defense costs is a well-established principle in American jurisprudence, and the South Carolina Supreme Court has moved toward it in the last decade for complex damages cases like the Schuler Action.

**D.      Travelers has pursued equitable contribution for defense costs in a complex damages case.**

Travelers has previously pursued the very relief that Auto-Owners seeks in the present appeal, and Travelers' case illustrates the need for contribution in complex cases. On August 5, 2014, the Supreme Court of Connecticut issued its decision in favor of Travelers in *Travelers Casualty & Surety Co. of America v. Netherlands Insurance Co.*, 312 Conn. 714, 95 A.3d 1031 (2014). In that case, Travelers commenced a declaratory judgment action against The Netherlands Insurance Company ("Netherlands"), among other insurers, and the insurers' mutual insured, Lombardo Brothers Mason Contractors, Inc. ("Lombardo"). *Travelers Cas. & Sur. Co. of Am.*, 312 Conn. at 716-17, 95 A.3d at 1036.

The declaratory judgment action arose from another civil action concerning the construction of the law library at the University of Connecticut School of Law. *Travelers Cas. & Sur. Co. of Am.,* 312 Conn. at 716-17, 95 A.3d at 1036. The underlying action was brought by the State of Connecticut against Lombardo and

27

other entities seeking to recover approximately $18 million that the state alleged was necessary to repair the defectively constructed law library. *Travelers Cas. & Sur. Co. of Am.,* 312 Conn. at 717-18, 95 A.3d at 1037. Multiple CGL insurance policies (issued by different insurers) were triggered because the state alleged that the defective construction caused progressive water damage to the law library over a period of years. Travelers agreed to participate in the defense of Lombardo; Netherlands refused to do so. *Travelers Cas. & Sur. Co. of Am.,* 312 Conn. at 718, 95 A.3d at 1037. Prior to trial, Travelers had spent over $482,855 defending Lombardo. *Travelers Cas. and Sur. Co. of Am.*, 312 Conn. at 718, 95 A.3d at 1037.

In the declaratory judgment action, Travelers sought a declaration that the insurers were obligated to pay their pro rata shares of the cost of Lombardo's defense and that Lombardo was required to pay the pro rata share of its defense costs for any uninsured period. *Travelers Cas. & Sur. Co. of Am.*, 312 Conn. at 718-19, 95 A.3d at 1037. In addition, Travelers sought equitable subrogation (again on a pro rata basis) from the other insurers for having paid the full cost of defending Lombardo. *Travelers Cas. & Sur. Co. of Am.*, 312 Conn. at 719, 95 A.3d at 1037. The trial court awarded judgment to Travelers declaring that Netherlands was obligated to defend Lombardo and pay to Travelers its pro rata share of the defense costs. *Travelers Cas. & Sur. Co. of Am.*, 312 Conn. at 720, 95 A.3d at 1038.

28

Netherlands appealed from the declaratory judgment, and raised several issues, including that Travelers lacked standing to bring the action. Netherlands argued that Travelers did not have standing because Travelers was not a party to the Netherlands' CGL policies issued to Lombardo. *Travelers Cas. & Sur. Co. of Am.*, 312 Conn. at 721, 95 A.3d at 1039. The Connecticut Supreme Court disagreed with Netherlands and affirmed the decision of the trial court that Travelers had standing and that Travelers was entitled to reimbursement of defense costs based on the allocation determined by the trial court. *Travelers Cas. & Sur. Co. of Am.*, 312 Conn. at 738, 95 A.3d at 1058.

As evident in *Netherlands*, cases like the Schuler Action are different and more complex. Based on *Crossmann*, all insurers who have a policy in place during the time-on-risk may be triggered and should participate in any underlying ensuing actions. That participation extends to providing a defense. For an insurer to sit back, ignore its duty and use *Sloan* as a shield is problematic in cases like *Crossmann*, or the present one, and places an unfair burden on the insurer(s) that do(es) step up and provide a defense.

**E.     Equitable subrogation is a valid cause of action and has been used by the South Carolina Court of Appeals case in a contribution case.**

The District Court erred in holding that Auto-Owners was not entitled to equitable subrogation. Equitable subrogation is an alternative basis for finding in

29

favor of Auto-Owners on defense costs. One who is required to pay a legal obligation, which ought to have been met by another, is entitled to be equitably subrogated to the rights of the obligee against the obligor. *Unisun Ins. Co. v. Hertz Rental Corp*., 312 S.C. 549, 554, 436 S.E.2d 182, 186 (Ct. App. 2005) (citing *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 307 S.C. 128, 414 S.E.2d 118, 303 S.C. 52, 398 S.E.2d 500. This rule rests on the principle of equity that a party should not be made to bear a loss that rightfully belongs to another. *Hertz Rental Corp.*, 312 S.C. 549, 554-55, 436 S.E.2d 182, 186 (citing *Ranger Ins. Co. v. Travelers Indem. Co.*, 389 So.2d 272 (Fla. Ct. App. 1980). The following summarizes the essence of equitable subrogation:

> Legal subrogation is not dependent upon contract. The doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties.

*Shumpert v. Time Ins. Co.*, 329 S.C. 605, 612, 496 S.E.2d 653, 656 (1998) (citing *Calvert Fire Ins. Co. v. James*, 236 S.C. 431, 435, 114 S.E.2d 832, 834 (1960).

## CONCLUSION

The Court should reverse the grant of summary judgment by the District Court; declare that Travelers has a duty to defend Hyperion Towers HOA; and remand the civil action to the District Court, with instructions, to allocate a pro-rata

share of Auto-Owners' defense costs to Travelers.

## REQUEST FOR ORAL ARGUMENT

Auto-Owners requests that this Court grant oral argument to the parties since the appeal involves complex and evolving issues of liability insurance coverage law in South Carolina.

RESPECTFULLY SUBMITTED,

s/ John L. McCants
John L. McCants, Esq.
District Court I.D. 4870
Rogers Lewis Jackson Mann & Quinn, LLC
P.O. Box 11803 (29211)
1330 Lady Street, Suite 400
Columbia, SC 29201
DD Tele: 803- 978-2834;
Fax: 803-252-3653
jmccants@rogerslewis.com
Attorney for Appellant Auto-Owners Ins. Co.

September 26, 2014
Columbia, SC

31

Addendum 1

 FRAP 8 provides in pertinent part as follows:

(a)   Claim for Relief. A pleading that states a claim for relief must contain:

 ….

(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

 ….

(d)   Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

 ….

(2)   *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3)   *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

(e)   Construing Pleadings. Pleadings must be construed so as to do justice.

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** 14-1837    **Caption:** Auto-Owners Ins. Co. v. Travelers Cas. and Surety Co,

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✔] this brief contains _____7700_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✔] this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 _____ [*identify word processing program*] in 14 point and Times New Roman _____ [*identify font size and type style*]; **or**

   [ ] this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) John L. McCants _____

Attorney for Appellant Auto-Owners Ins. Co. _____

Dated: 9/26/14 _____

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on **September 26, 2014,** the foregoing document (**Opening Brief of Appellant**) was served on all parties and their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses below:

Jeffrey J. Wiseman, Esq.
Young Clement Rivers, LLP
PO Box 993
Charleston, SC 29402
Tele: 803-720-5488
Fax: 843-579-1369
jwiseman@ycrlaw.com
Attorney for Appellee
*Via CM/ECF*

Stephen L. Brown, Esq.
Young Clement Rivers, LLP
PO Box 993
Charleston, SC 29402
Tele: 803-720-5488
Fax: 843-579-1369
sbrown@ycrlaw.com
Attorney for Appellee
*Via CM/ECF*

Russell G. Hines, Esq.
Young Clement Rivers, LLP
PO Box 993
Charleston, SC 29402
Tele: 803-720-5488
Fax: 843-579-1369
rhines@ycrlaw.com
Attorney for Appellee
*Via CM/ECF*

                               <u>s/ John L. McCants</u>
                               John L. McCants